# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH L. CHATELAINE | : |
| Plaintiff, | : |
| v. | : Civil Action No. RDB-04-3473 |
| THE BOARD OF TRUSTEES OF ANNE ARUNDEL COMMUNITY COLLEGE | : |
| Defendant. | : |

## MEMORANDUM OPINION

Plaintiff Kenneth L. Chatelaine ("Plaintiff" or "Chatelaine") alleges that his former employer, the Anne Arundel County Community College Board of Trustees ("the College" or "Defendant"), discriminated against him on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("the ADEA"). Pending before this Court is Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To support its Motion, Defendant asserts that the College is an agency of the State of Maryland entitled to the defense of sovereign immunity under the Eleventh Amendment to the United States Constitution against claims brought under the ADEA. Although Plaintiff concedes that his claim is barred by the Eleventh Amendment (*See* Plaintiff's Response to Defendant's Motion to Dismiss ¶ 1), Plaintiff moves to transfer this action to the Circuit Court for Anne Arundel County, Maryland, pursuant to 28 U.S.C. § 1631.

The issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated herein, the Court will GRANT Defendant's Motion to Dismiss and

DENY Plaintiff's Motion to Transfer.

I.     Background

The facts are recited in the light most favorable to the Plaintiff. Chatelaine served thirty-three years as a faculty member at the College and became a fully tenured Professor in the Psychology Department. Throughout his tenure he was assigned to the Arnold, Maryland campus or one of its offsite educational facilities located in Anne Arundel County, Maryland. In July of 2001, Chatelaine was hospitalized for a serious medical condition, requiring him to take a medical leave of absence from his position with the College. Ten medical and surgical procedures followed over the next two years. On June 9, 2003, Plaintiff was given medical clearance by his physicians to return to his teaching duties, and he officially requested that Defendant allow him to return to his teaching position. Defendant's legal representative allegedly denied Plaintiff's request stating that his position had already been filled for the next academic year.

At the time he initially requested to return to his teaching position Chatelaine was seventy-two years of age. According to Plaintiff's Complaint, Defendant assigned Chatelaine's position for the 2003 academic year to a female employee under thirty years of age with lesser qualifications than Plaintiff. On or about April 16, 2004, Plaintiff's legal counsel wrote to Dr. Martha A. Smith, President of the Anne Arundel Community College, demanding that the College return Plaintiff to his teaching responsibilities at the earliest opportunity. Subsequent to this communication, the College failed to return Plaintiff to his duties at the College and continued to employ the female under age thirty in Chatelaine's position.

II.    Standard of Review

As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001) Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) of the Federal Rules of Civil procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). However, "[t]he court need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papason v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events,

*United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004). The court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc.,* 213 F.3d at 180.

III. Discussion

Defendant asserts that as an agency of the State of Maryland,[1] the College is immune from suit under the ADEA pursuant to the Eleventh Amendment to the Constitution of the United States. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment also grants an unconsenting state immunity from suits brought in federal court by her own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1973). In addition, the Eleventh Amendment prevents a federal court from entertaining a suit brought by a citizen against an instrumentality of the State that is considered an agency or instrumentality of the State. *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 430 (1997) ("It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.")

---

[1] Maryland law has treated the Boards of Trustees of colleges and universities in Maryland, including community colleges, as State agencies. *See, e.g.*, *Bd. of Trustees of Howard Cnty. Coll. v. John K. Ruff, Inc.*, 278 Md. 580, 587, 366 A.2d 360, 364 (1976) ("[I]n light of pertinent statutes and our decisions, there is no doubt that the Board of Trustees of Howard County Community College is an agency of the State."); *Samuel v. Tschectelin*, 135 Md. App. 483, 521, 763 A.2d 209, 230 (2000) (holding that Baltimore City Community College, "along with its governing Board, is a State agency afforded the protections of sovereign immunity.").

(citations omitted).

Defendant in this case moves that the Complaint be dismissed for failing to state a claim, pursuant to Rule 12(b)(6).  This Court has previously stated that the "resolution of a question of subject-matter jurisdiction takes precedence over resolution of a question whether a plaintiff has stated a cause of action: without jurisdiction, the court has no power to rule on the validity of a claim." *Verizon Maryland, Inc. v. RCN Telecom Servs., Inc.*, 232 F. Supp. 2d 539, 545 (D. Md. 2002) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)), *aff'd in part, dismissed in part on other grounds*, *sub nom., Verizon Maryland, Inc. v. Global Naps, Inc.*, 377 F.3d 355 (4th Cir. 2004).  In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff concedes that the Eleventh Amendment appears to bar his claim from prosecution in this Court.  (*See* Plaintiff's Response to Defendant's Motion to Dismiss ¶ 1). As a result, Plaintiff notes, his claim cannot prevail in this Court under the federal ADEA statute, as this Court is deprived of subject matter jurisdiction. Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).  Both parties agree that Defendant is immune from suit in federal court against claims brought under the ADEA.  Therefore, as a matter of jurisdictional deficiency, Plaintiff's claim cannot proceed in this Court.

However, in light of the recent Fourth Circuit decision in *Constantine v. Rectors and Visitors of George Mason University*, 411 F.3d 474 (2005), it is clear that this Court is not required to analyze Eleventh Amendment immunity solely pursuant to a jurisdictional analysis.  In *Constantine*, the Fourth Circuit rejected defendants' contention that a district court is required to consider Eleventh

Amendment jurisdictional questions before addressing the sufficiency of allegations under Rule 12(b)(6). *Constantine*, 411 F.3d at 482.[2]  Accordingly, the subject motion will also be reviewed pursuant to Rule 12(b)(6), consistent with the Defendant's position.

Although the Eleventh Amendment appears to bar Plaintiff's ADEA claim against the College, a State or state agency may waive its constitutional immunity. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) ("We have long recognized that a State's sovereign immunity is 'a personal privilege which it may waive at pleasure.'") (quoting *Clark v. Barnard*, 108 U.S. 436, 447 (1883)).  However, "[a] court may not find a waiver absent an 'unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment.'" *Litman v. George Mason University*, 186 F.3d 544, 550 (4th Cir. 1999) (quoting *Atascadero State Hosp.*, 473 U.S. 234, 238 n.1 (1985)).  The language of the Annotated Code of Maryland, Courts and Judicial Proceedings section 5-519, which governs immunity of community college boards, provides:

> Section 16-107 of the Education Article does not prevent a board of community colleges trustees, described under Title 16, Subtitle 1 of the Education Article, on its own behalf, from raising a defense of sovereign immunity to any amount of a claim in excess of the limit of an insurance policy or in excess of $100,000 in the case of self-insurance.

MD. CODE ANN., CTS & JUD. PROC. § 5-519 (2002).  The statute in the instant case contains no express language waiving Maryland's constitutional immunity in this Court, nor does its language allude

---

[2] The Fourth Circuit noted that "Eleventh Amendment immunity has attributes of both subject-matter jurisdiction and personal jurisdiction." *Constantine*, 411 F.3d at 480.  The Court further quoted Justice Kennedy's concurring opinion in *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 394 (1998) (Kennedy, J., concurring), in which there was reference to the "hybrid nature" of the Eleventh Amendment. *Id*. at 482.

to an inference of a waiver. Moreover, even if this provision could be interpreted as a partial waiver of Maryland's sovereign immunity in its own courts, it lacks any indication that the State has consented to suit in this Court. Even viewing the facts in a light most favorable to the Plaintiff, it is clear that, as a matter of law, Plaintiff has asserted no claim for which relief can be granted in this Court. Therefore, Defendant's Motion to Dismiss is GRANTED without prejudice.[3]

Although Plaintiff concedes that the Eleventh Amendment bars this action in this Court, Plaintiff proposes that his claim is viable in state court. As such, Plaintiff moves to transfer this action to the Circuit Court for Anne Arundel County, Maryland pursuant to 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court *as defined in section 610 of this title* or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to *any other such court* in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis supplied).[4] The Plaintiff's reliance upon this statutory provision is

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides, "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." In this case, Plaintiff's claims have solely been decided on the question of whether he has a cause of action in *federal* court. As to the substantive merits of the Plaintiff's claim, it may remain for a state court to address, should Plaintiff choose to pursue his action in state court.

[4] Section 610, referred to in 28 U.S.C. § 1631, provides:

As used in this chapter the word "courts" includes the courts of appeal and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of the Virgin Islands, the United States Claims Court and the Court of International Trade.

misplaced. It does not appear that § 1631 provides for the transfer of the action from this Court to a state court. This case was not removed to this Court and accordingly, remand is not an option.[5] In addition, neither party disputes that this Court lacks jurisdiction over this suit. Consequently, this Court lacks authority to transfer this case to state court. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff's Motion to Transfer is DENIED.

IV.     Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED, but *without prejudice*, and Plaintiff's Motion to Transfer Pursuant to 28 U.S.C. § 1631 is DENIED. A separate Order will follow.

August 9th, 2005                                      /s/
                                                      Richard D. Bennett
                                                      United States District Judge

---

28 U.S.C. § 610.

[5] The court in *McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 429 (3rd Cir. 1983) noted that under 28 U.S.C. § 1447(c) a federal district court has limited authority to remand to state court, actions "removed improvidently and without jurisdiction." However, Plaintiff filed the instant case in this Court and therefore, remand as a result of improvident removal is not an issue.